**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

STACIE WILLIAMS and
VALERIE THOMAS                                                                                          PLAINTIFFS

v.                                               No. 3:05CV00196 JLH

CONTINENTAL CASUALTY COMPANY,
CNA GROUP LIFE ASSURANCE COMPANY, and
L.A. DARLING COMPANY                                                                           DEFENDANTS

**OPINION AND ORDER**

Stacie Williams and Valerie Thomas brought this action in state court as beneficiaries of an accidental death and dismemberment policy to recover benefits from defendants Continental Casualty Company, CNA Group Life Assurance Company, and L.A. Darling Company. On August 24, 2005, the defendants removed the action to federal court. The parties have submitted ERISA briefs. Because the plaintiffs' action is barred by the limitation on legal actions contained in the policy, judgment on the record is granted in favor of the defendants.

**I.**

On June 17, 2000, Amy Thomas was found dead in the swimming pool at her family's residence in Paragould, Arkansas. The official state medical examiner's report listed her cause of death as drowning due to a seizure disorder. At the time of her death, Amy Thomas was employed by L.A. Darling Company as an ABM analyst. Amy Thomas participated in an accidental death and dismemberment benefit policy offered by L.A. Darling Company through Continental Casualty Company. According to the terms of the policy, Continental Casualty Company would pay benefits to designated beneficiaries of the policy for a "covered injury" to the insured. "Injury" was defined

by the policy as any bodily injury "caused by an accident which occurs while the Insured Person is covered under the policy and that results, directly and independently of all other causes, in loss covered by the policy." While loss of life was a covered loss under the policy, the policy specifically excluded losses "caused by or resulting from . . . sickness or disease, except pyogenic infections which occur through an accidental cut or wound."

The policy contained procedures for claiming benefits:

**CLAIM FORMS**: After We receive the written notice of claim, We will furnish claim forms within 15 days.  If We do not, the claimant will be considered to have met the requirements for written proof of loss if We are given written proof as described below.  The proof must describe the occurrence, extent and nature of the loss.

**WRITTEN PROOF OF LOSS**: Written proof of loss must be given to Us within 90 days after the date of such loss.  If it is not reasonably possible to give the proof within 90 days, the claim is not affected if the proof is given as soon as possible. Unless the Insured Person is legally incapacitated, written proof must be given within 1 year of the time it is otherwise due.

The policy also contained a limitation on legal actions.  According to that provision, "No action can be brought after 3 years . . . from the date written proof is required."

On June 23, 2000, both Stacie Williams, Amy Thomas's sister, and Valerie Thomas, Amy Thomas's mother, filled out claims for benefits as Amy Thomas's beneficiaries under the policy. In support of their claims, plaintiffs included their beneficiary designation cards, a newspaper article regarding Amy Thomas's death, a Greene County Sheriff's Department incident report, and the death certificate with their claims.  CNA received both claims for benefits and the supporting documentation on July 3, 2000.  In November of 2000, CNA obtained a copy of the medical examiner's report. On November 14, 2000, CNA sent a letter to Valerie Thomas denying her claim for benefits.  On November 22, 2000, CNA sent an identical letter to Stacie Williams.

2

On December 5, 2000, Valerie Thomas submitted a letter challenging CNA's decision. On December 18, 2000, Stacie Williams's attorney submitted a letter to CNA requesting reconsideration of the denial of benefits. In letters dated January 17, 2001, CNA wrote to both Valerie Thomas and Williams's attorney that the file would be referred to the appeal review area for review. Williams's attorney submitted a letter regarding her analysis of Arkansas case law on January 29, 2001. CNA affirmed its decision to deny benefits in a letter dated February 16, 2001. That letter stated that appellate review was completed and the decision was "final and binding."

On June 16, 2005, plaintiffs brought this action in the Circuit Court of Greene County, Arkansas. On August 24, 2005, the defendants removed the action to federal court under ERISA.

**II.**

The defendants argue that the plaintiffs' claims for benefits are barred by the three-year limitations period contained in the policy. A federal court looks to state law for the statute of limitations in an ERISA claim for benefits. *Bennett v. Federated Mut. Ins. Co.*, 141 F.3d 837, 838 (8th Cir. 1998). "Under Eighth Circuit law, a 'claim for ERISA benefits is characterized as a contract action for statute of limitations purposes.'" *Id*. (quoting *Adamson v. Armco*, 44 F.3d 650, 652 (8th Cir. 1995)). While the statute of limitations in Arkansas for contract actions is five years,[1] Arkansas law allows parties "to contract for a limitation period which is shorter than that prescribed by the applicable statute of limitations, so long as the stipulated time is not unreasonably short and the agreement does not contravene some statutory requirement or rule based upon public policy." *Ferguson v. Order of United Commercial Travelers of Am.*, 307 Ark. 452, 455-56, 821 S.W.2d 30, 32 (1991). That is precisely what the policy at issue here attempts to do. The policy shortens the

---

[1] Ark. Code Ann. § 16-56-111(a).

statutory limitations period to three years from the date written proof is required. Arkansas courts have found three-year limitation periods to be reasonable. *See, e.g.*, *id*. at 456, 821 S.W.2d at 33; *Hawkins v. Heritage Life Ins. Co.*, 63 Ark. App. 67, 71, 973 S.W.2d 823, 826 (1998). There is no material difference between the three-year period specified in the policy and the three-year limitation periods in those cases. The only issue remaining, then, is when the shortened limitation period began to run on the plaintiffs.

The question of when the cause of action accrues is determined by federal law. *Bennett*, 141 F.3d at 838. In a case with nearly identical facts, the Eighth Circuit held that "the cause of action accrues, for limitations purposes, when the plan administrator formally denies the claim for benefits." *Wilkins v. Hartford Life & Accident Ins. Co.*, 299 F.3d 945, 948-49 (8th Cir. 2002). The plan in that case—like the policy here—provided for a three-year limitation period running from when "written proof of loss is required to be furnished." *Id*. at 948. The plan insurer in *Wilkins* had initially denied the plaintiff's claim for long-term disability benefits, then reaffirmed its denial on three successive administrative appeals. *Id*. at 947. Because the plaintiff brought the suit more than three years after the initial denial, and more than three years after the conclusion of the last appeal, the Eighth Circuit held that the suit was time barred. *See id*. at 949. Here, the letter stating that the appeals process was over, and the decision to deny benefits "final and binding," was dated February 16, 2001. The plaintiff's action was not brought until June 16, 2005—more than three years after the "final and binding" appeals decision to deny plaintiffs' claims.

Plaintiffs argue, however, that the clear holding of *Wilkins* should not apply because the policy definition of "the date written proof is required" is ambiguous. The plaintiffs argue that written proof of loss, according to the language of the policy, could be required either "90 days after

4

the date of such loss," "within one year" unless the insured is "legally incapacitated," or "as soon as possible." Because it is not clear which of these three alternatives apply in this case, the defendants argue that the three-year limitation period should not be applied.

It may well be that the policy is ambiguous in this case as to the exact date of when the plaintiffs were required to provide written proof of loss to the defendants.[2] Federal courts, however, are required to apply federal common law rules of contract interpretation to discern the meaning of the terms in an ERISA plan. *Harris v. The Epoch Group, L.C.*, 357 F.3d 822, 825 (8th Cir. 2004). One of those rules is that "[f]ederal law gives . . . no right to torture language in an attempt to force particular results or to convey delitescent nuances the contracting parties never intended nor imagined." *Turner v. Safeco Life Ins. Co.*, 17 F.3d 141, 145 (6th Cir. 1994) (quotation omitted). Here, it is beyond belief that the parties could have understood "the date written proof is required" to mean sometime *after* the final appeals decision was made denying a claim for benefits. For the policy to make any sense, the parties must have intended that CNA would have written proof of loss before making a decision. Thus, the only reasonable interpretation of the policy in this case is that written proof of loss is required sometime *before* the final appeals decision on the plaintiffs' benefits claims. But the filling of this suit occurred well after three years from the final appeals decision on the plaintiffs' claims. The three-year limitation period contained in the accidental death and dismemberment policy therefore bars this suit. Judgment on the record is granted in favor of the defendants.

---

[2]The record here indicates that the plaintiffs furnished written proof of loss to CNA on July 3, 2000—sixteen days after the loss occurred.

## CONCLUSION

For the foregoing reasons, judgment on the record in favor of the defendants is GRANTED. Plaintiffs' complaint is dismissed with prejudice.

IT IS SO ORDERED this 11th day of May, 2006.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE